# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

---

IN RE:

MICHAEL F. SHILLIN,   Case No. 21-26105-gmh

      **Debtor.**

---

**NORTHWESTERN BANK**
202 N. Bridge Street
P.O. Box 49
Chippewa Falls, WI 54729

      Adv. Case No: 22-02007-gmh

      **Plaintiff,**   **STIPULATION AS TO NON-DISCHARGEABILITY OF OBLIGATIONS TO NORTHWESTERN BANK**

v.

**MICHAEL F. SHILLIN**
1730 N. McCarthy Road, Apt. 3
Appleton, WI 54913

      **Defendant.**

---

      NOW COMES, the Plaintiff, Northwestern Bank ("Plaintiff") by and through its attorney, John D. Leary, and Michael F. Shillin, by his attorney David J. Van Lieshout, who stipulate as follows:

      1.    Jurisdiction is conferred upon the Court in this matter by 28 U.S.C. §§ 157 and 1334.

      2.    This is a core bankruptcy proceeding pursuant to Bankruptcy Rule 7001(6) in that it is an action to determine the dischargeability of a debt.

3. Plaintiff is a financial institution organized under the laws of the State of Wisconsin, having an office at 202 North Bridge Street, Chippewa Falls, Wisconsin 54729.

4. The Defendant, Michael F. Shillin (the "Defendant") is the Debtor in the main bankruptcy case (21-26105) which was filed as a Chapter 7 case on November 29, 2021. The Defendant resides at 1730 N. McCarthy Road, Apt. 3, Appleton, Wisconsin 54913.

5. Defendant was a customer of Plaintiff and applied for further loans from Plaintiff in August of 2020 and September of 2020.

6. In conjunction with the loan applications in 2020, Defendant submitted to Plaintiff an account statement for Shillin Wealth Management, LLC, which misrepresented the value of the Defendant's portfolio to be $1,252,248.04.

7. Based on the misrepresentation of collateral value to Plaintiff, Defendant obtained loans from Plaintiff in the amount of $205,000.00 on August 28, 2020 (Note #1) and $257,000.00 on September 24, 2020 (Note #2).

8. Defendant subsequently was charged by a grand jury in United States District for the Western District of Wisconsin Case No. 21-CR-112 with ten counts of scheming to defraud and obtain money by materially false or fraudulent pretenses and representations. A copy of the indictment was attached to the Complaint as Exhibit A and incorporated by reference.

9. Specifically, Defendant was charged with nine counts of transmitting by means of wire communication fraudulent information.

10. The tenth count in the indictment alleged that Defendant knowingly executed a scheme to obtain money under the custody or control of financial institution, specifically, Plaintiff, via means of material false or fraudulent pretenses and representations.

11. As part of the scheme, Defendant obtained two loans on behalf of Shillin Wealth Management, LLC by using fraudulent collateral by sending an account statement to Plaintiff and executing documents collateralizing loans from Plaintiff with the fraudulent collateral.

12. Pursuant to 11 U.S.C. section 523(a)(2), the Defendant's Obligations to the Plaintiff are not dischargeable in the main bankruptcy case because the Defendant's obligations are a debt "obtained by false pretenses,

false representation, actual fraud, and use of a statement in writing that is materially false respecting the debtor's financial condition and which the plaintiff reasonably relied."

13. Pursuant to 11 U.S.C. section 523(a)(4), the Defendant's Obligations to the Plaintiff are not dischargeable in the main bankruptcy case because the Defendant's obligations are a debt "for fraud or defalcation while acting in fiduciary capacity, embezzlement, or larceny."

14. Pursuant to 11 U.S.C. section 523(a)(6), the Defendant's Obligations to Plaintiff are not dischargeable in the main bankruptcy case because the Defendant's Obligations are a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

15. Notes #1 and #2 are in default and due in the principal amount of $462,000 plus accruing interest and costs of collection.

16. Accordingly, the Defendant's Obligations to the Plaintiff in Notes #1 and #2 in the total amount of $462,000.00, plus accruing interest and costs of collection, are not dischargeable.

17. Plaintiff is entitled to relief from the stay.

18. Plaintiff may file this stipulation and order in state court.

Dated at Eau Claire, Wisconsin, this 24th day of February, 2022.

RUDER WARE

*/s/ John D. Leary*
John D. Leary
Attorney for the Plaintiff,
Northwestern Bank
State Bar #1003749

P.O. ADDRESS:

RUDER WARE, L.L.S.C.
402 Graham Avenue
P.O. Box 187
Eau Claire, WI 54702-0187

Telephone: 715.834.3425
Fax: 715.834.9240

Dated at Little Chute, Wisconsin, this 24th day of February, 2022.

                                        RUDER WARE

                                        */s/ David J. Van Lieshout*
                                        David J. Van Lieshout
                                        Attorney for the Defendant,
                                        Michael F. Shillin
                                        State Bar #1012641

P.O. ADDRESS:

Van Lieshout Law Office
122 E Main Street
P.O. Box 186
Little Chute, WI 54140-0186
Phone: (920) 788-0800
Fax: (920) 788-0907